UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE MARTIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>    Defendant. | Case No. 25-cv-06875-TSH<br><br>**ORDER GRANTING MOTIONS TO AMEND AND REMAND; ORDER REMANDING CASE TO MARIN COUNTY SUPERIOR COURT**<br><br>Re: Dkt. Nos. 11, 12 |

## I.   INTRODUCTION

Plaintiffs Jeanne and Michael Martin filed this action in Marin County Superior Court, alleging violations of California's Song-Beverly Consumer Warranty Act based on their purchase of a 2019 Jaguar I-Pace vehicle distributed by Defendant Jaguar Land Rover North America, LLC. Defendant removed the case to this Court based on diversity jurisdiction, and Plaintiffs now move to amend their complaint (ECF No. 12, Amend Mot.) and for remand (ECF No. 11, Remand Mot.). Defendant opposes both motions. ECF Nos. 13 (Remand Opp'n), 14 (Amend Opp'n). Plaintiffs did not file a reply in support of either motion. The Court finds these matters suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court **GRANTS** the motions for the following reasons.[1]

## II.   BACKGROUND

Plaintiffs are residents of San Francisco. Compl. ¶ 1, ECF No. 1-2. Defendant is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. *Id.* ¶ 2; *see also* ECF No. 6 (Def.'s

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 19.

1  Certification of Interested Entities).

2  On or about May 31, 2019, Plaintiffs purchased a new 2019 Jaguar I-PACE from Marin Luxury Cars (MLC). Compl. ¶ 5 & Ex. A (Retail Installment Sales Contract from Marin). They allege "the I-PACE has had serious nonconformities that Defendants have failed to repair despite reasonable opportunities to do so." *Id.* ¶ 41.

On July 1, 2025, Plaintiffs filed this action in the Superior Court of California, County of Marin, alleging breaches of implied and express warranty and violations of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code. §§ 1790, et seq. Compl. ¶¶ 40-45. Plaintiffs also named Does 1 to 25 as defendants, stating they did not know their names at the time of filing and would amend the complaint to state their true names once learned. *Id.* ¶ 3.

On August 13, 2025, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on diversity jurisdiction. ECF No. 1. Plaintiffs now seek to add MLC as a defendant and remand the matter to Marin Superior Court.

### III.   LEGAL STANDARD

A defendant may remove a case to federal court if the plaintiff could have filed the case here, meaning, if the court has federal-question or diversity jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court has diversity jurisdiction over any civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332 (a). A diversity action is removable if it could have originally been brought in federal court under diversity jurisdiction. *Id.* § 1441 (b). "[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction . . . has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The presumption against removal means that the defendant always has the burden of establishing that removal is proper.") (citation and internal quotations omitted).

"If after removal the plaintiff seeks to join additional defendants whose joinder would

1 destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

2 action to the State court." 28 U.S.C. § 1447(e). "Courts in this district have required leave of

3 court before a plaintiff can file an amended pleading that would join a party that would defeat

4 diversity." *Holliday v. Jaguar Land Rover N. Am., LLC*, 2024 WL 1244299, at *1 (N.D. Cal. Mar.

5 21, 2024) (collecting case). "The language of § 1447(e) is couched in permissive terms and it

6 clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157

7 F.3d 686, 691 (9th Cir. 1998).

## IV. DISCUSSION

### A. Removal Was Proper

The Court finds removal on the basis of diversity jurisdiction was proper. There is no dispute that the operative complaint involves citizens of different states. Indeed, Plaintiffs have affirmatively stated in their complaint that they "currently reside[] in the City of San Francisco, County of San Francisco . . .. [a]t all times relevant." Compl. ¶ 1. They do not argue otherwise in their motion, and the Court therefore finds that for diversity purposes Plaintiffs are citizens of California. *See Ervin v. Ballard Marine Constr., Inc.*, 2016 WL 4239710, at *3 (N.D. Cal. Aug. 11, 2016) (for diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary) (collecting cases).

Plaintiffs allege Defendant "is a Delaware limited liability company." Compl. ¶ 2. Defendant has also submitted unrebutted evidence confirming that it is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. ECF No. 6. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, the Court finds Plaintiffs and Defendant are citizens of different states.

As to the amount in controversy, Plaintiffs do not allege the specific amount of damages they seek in their complaint, and nowhere in their motion do they argue that their claims do not exceed $75,000. When the plaintiff does not dispute the amount in controversy, "[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds

the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But even if Plaintiffs were to dispute the amount, the Court finds Defendant has met its burden. If a plaintiff disputes the amount, then "[e]vidence establishing the amount is required," and "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 88–89; *see Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions."). "The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (cleaned up).

Defendant notes that Plaintiffs seek "actual damages" including the value of the vehicle, "restitution," and civil penalties in the amount of "two times Plaintiffs' damages." Remand Opp'n at 6 (quoting Compl. at 6). According to the purchase agreement for the subject vehicle, the total financed cost of the vehicle is $99,478.87. Compl., Ex. A. Where, like here, a claim is asserted under the Song-Beverly Consumer Warranty Act, the Court may consider both actual damages and civil penalties in determining the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Lawrence v. FCA US LLC*, 2016 WL 5921059, at *3 (C.D. Cal. Oct. 11, 2016) (holding that defendant's calculation of the amount in controversy properly included actual damages and civil penalties). Further, the Court may also consider Plaintiffs' request for attorneys' fees (*see* Compl. at 6) in calculating the amount in controversy. *See Alvarado v. FCA US LLC*, 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017) ("attorney's fees even if minimal, serve only to increase the amount in controversy" in a case brought under the Song-Beverly Consumer Warranty Act) (internal quotations omitted) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998)). If Plaintiffs were to prevail on the asserted claims, the Court finds Defendant has established they could be awarded damages of $75,000.00 or more.

4

Accordingly, the Court finds removal was proper.[2]

**B.     Joinder of Non-Diverse Party**

In their motion to amend, Plaintiffs seek to add MLC, arguing the vehicle remains there, unrepaired, and that MLC has indicated no further attempt to repair it will be made. Amend Mot. at 2. Defendant argues the request to amend should be denied "because it is being brought in the absence of good faith, and without providing any cogent explanation as to why they waited until now to seek leave to file the proposed amendment to bring in [MLC] as a purported 'DOE' defendant to destroy diversity jurisdiction." Amend Opp'n at 1.

Courts within the Ninth Circuit weigh several factors in determining whether to permit joinder under § 1447(e), including:

> • "whether the claims against the proposed defendant appear valid,"
> • "whether the proposed defendant is a necessary party,"
> • "whether any statute of limitations would preclude an original action against the proposed defendant in state court,"
> • "whether the plaintiff has unjustifiably delayed in seeking joinder,"
> • "whether denying joinder would prejudice the plaintiff," and
> • "whether joinder is intended solely to defeat federal jurisdiction."

*Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1098 (N.D. Cal. 2024) (collecting cases). Considered together, the Court finds these factors favor permitting MLC's joinder and remanding this matter to California state court.

**1.     Plaintiffs' claims against MLC appear facially valid**

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." *Taylor v. Honeywell Corp.*, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010). "In considering the validity of plaintiff's claims, the Court need only determine whether the claim *seems* valid which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Avellanet v. FCA US LLC*, 2019 WL

---

[2] As part of their motion, Plaintiffs argue the addition of MLC as a defendant destroys diversity jurisdiction. Remand Mot. at 3. However, "the core principle of federal removal jurisdiction on the basis of diversity" is that it is "determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *see also Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint). Accordingly, the Court does not consider this argument in determining whether removal was proper.

5448199, at *3 (C.D. Cal. Oct. 24, 2019) (alteration in original) (emphasis added) (quoting *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016)) (internal quotation marks omitted). "Courts in the Ninth Circuit have reasonably looked to the fraudulent joinder standard when considering this factor, holding that to succeed under this factor, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." *Burch*, 758 F. Supp. 3d at 1099 (quoting *Dunning v. Hallmark Specialty Ins. Co.*, 2020 WL 6123133, at *5 (C.D. Cal. Aug. 11, 2020) (cleaned up); *see also Kelly v. SMG Holdings, Inc.*, 2015 WL 13652713, at *3 (C.D. Cal. Mar. 9, 2015) (collecting cases and applying fraudulent joinder analysis to this factor).

Here, Plaintiffs seek to allege a cause of action for refusal to repair in violation of Civil Code section 1793.2(d),[3] based on MLC's alleged asserted it will not attempt further repairs. This is a valid cause of action under California law and therefore constitutes a facially valid claim. *See Burch*, 758 F. Supp. 3d at 1099. Defendants do not attempt to argue otherwise. Accordingly, the first factor weighs in favor of permitting MLC's joinder. *See id.* at 1099-1100 ("Because such an amended complaint would state facially valid claims against Future, the first factor weighs in favor of permitting Future's joinder.").

### 2. MLC could be a necessary party.

The second factor courts may consider under 28 U.S.C. § 1447(e) is whether the party sought to be joined is necessary for just adjudication of the issues presented in the lawsuit. "The focus of the second factor is 'whether the non-diverse defendants are only tangentially related to the cause of action' such that denying amendment would not result in separate and redundant actions." *Burch*, 758 F. Supp. 3d at 1100 (quoting *Taylor*, 2010 WL 1881459, at *2) (cleaned up).

Plaintiffs do not argue that MLC is a necessary party. However, their claims against Defendant and MLC concern the same alleged defects on the same vehicle. Under these

---

[3] Section 1793.2(d) provides that "if the manufacturer or its representative in this state does not service or repair the goods to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."

6

circumstances, MLC's presence could be necessary to promote the just adjudication of all claims involving Plaintiffs' vehicle and to avoid separate and redundant actions. *See id.* (finding joinder necessary where plaintiff's "negligent repair claims against Future and his claims against Ford concern the same alleged defects on the same vehicle"); *Holliday*, 2024 WL 1244299, at *3 (same); *Reyes v. FCA US LLC*, 2020 WL 7224286, at *4 (E.D. Cal. Dec. 8, 2020) (finding this factor favored joinder where plaintiff sought to join party that serviced the vehicle at issue); *Avellanet*, 2019 WL 5448199, at *2 (concluding that "failure to join Fiat would lead to separate and redundant actions, and that Fiat is necessary for the efficient and just adjudication of this action," because plaintiff's "claims for relief against [the existing defendant] and Fiat arise out of the same vehicle and the same alleged defects in that vehicle, and resolution of Plaintiff's claim against Fiat will require many of the same documents and witnesses and will implicate many of the same factual and legal issues"). This factor therefore likely weighs in favor of joinder.

### 3. There is no statute of limitations issue.

Defendant does not contend that any statute of limitations would preclude an original action against MLC in state court. This factor, therefore, supports permitting Plaintiffs' joinder of MLC.

### 4. Plaintiffs did not unjustifiably delay in seeking MLC's joinder.

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). "In particular, courts consider the length of time that passed between plaintiff filing the original complaint and the amended complaint, and whether dispositive motions have been filed." *Reyes*, 2020 WL 7224286, at *5 (collecting cases). "District courts also 'generally measure delay from the date of removal to determine whether an unreasonable delay has occurred.'" *Viveros v. Ford Motor Co.*, 2021 WL 5989365, at *5 (S.D. Cal. July 28, 2021) (quoting *Walpert v. Jaguar Land Rover N. America, LLC*, 2018 WL 6855985, at *3 (C.D. Cal. Dec. 17, 2018)).

Defendant argues Plaintiffs have no reasonable explanation for their failure to name MLC as a defendant in their initial complaint because "its role in this has been known to Plaintiffs long

7

before they filed the Complaint in the State Action," as shown by the fact that they attached a copy of the sales contract for the subject vehicle to the complaint, and that "Plaintiffs openly admit . . . that the subject vehicle has been at [MLC] in an unrepaired state since May 31, 2025, which is prior to the time they filed their Complaint in the State Action on July 1, 2025." Amend Opp'n at 2-3 (citing Amend Mot. at 3). At the same time, the Court notes that Plaintiffs filed their motion to amend less than one month after Defendant filed its Notice of Removal and less than three months after they filed their original complaint in state court. Given this timing, the Court finds Plaintiffs did not unreasonably delay in attempting to join MLC as a defendant. *See Walpert*, 2018 WL 6855985, at *3 (delay not unreasonable where plaintiff filed motion to amend less than one month after defendant's notice of removal and "a mere two months after her original Complaint was filed in state court"); *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016) (finding delay was not unreasonable where "plaintiff filed the instant motion five months after filing the initial complaint and four months after this action was removed"). Further, the Court notes this case is in the early stages — the parties have propounded little if any discovery, no dispositive motions have been filed, and the Court has not issued a case management order. *See Walpert*, 2018 WL 6855985, at *3 (permitting joinder where "[t]he parties have not yet propounded any discovery, the Court only recently issued its Scheduling and Case Management Order, and there are no dispositive motions pending"); *Yang v. Swissport USA, Inc.*, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) (granting plaintiffs' motion to amend filed nine months after removal where "no dispositive motions have been filed, and the discovery completed thus far [would] be relevant whether the case is litigated in [federal] court or state court").

Accordingly, the Court concludes that this factor weighs in favor of permitting joinder.

**5.      Denying joinder may prejudice Plaintiffs.**

"Prejudice exists if the proposed defendant is 'crucial' to the case. Prejudice does not exist if complete relief can be afforded without that defendant." *Sabag*, 2016 WL 6581154, at *6 ("Because [the dealer] is a potentially responsible party, plaintiff will be prejudiced in its absence") (citing *McCarty v. Johnson & Johnson*, 2010 WL 2629913, at *9 (E.D. Cal. 2010)).

8

"Courts find this factor weighs in favor of joinder where if the Court were to deny plaintiff's motion for leave to amend, plaintiff would be required to pursue two substantially similar lawsuits in two different forums—an action against defendant before this Court and an action against proposed defendants in California state court.'" *Burch*, 758 F. Supp. 3d at 1101 (cleaned up) (quoting *Malijen v. Ford Motor Co.*, 2020 WL 5934298, at *5 (C.D. Cal. Aug. 20, 2020)).

Because preventing Plaintiffs from joining MLC could result in duplicative litigation that would necessarily prejudice Plaintiffs, the Court finds this factor also favors MLC's joinder. *See id.*; *Reyes*, 2020 WL 7224286, at *10 ("Where claims against parties sought to be joined in an action 'arise out of the same factual circumstances,' it is in the economic benefit of all parties and the judicial system to 'have the entire controversy adjudicated only once' and to force the plaintiffs to 'proceed with expensive litigation in state court against the putative defendant would create avoidable prejudice.'") (quoting *Avellanet*, 2019 WL 5448199, at *4); *Lara v. Bandit Indus., Inc.*, 2013 WL 1155523, at *5 (E.D. Cal. Mar. 19, 2013) (finding "that precluding Plaintiffs from joining [nondiverse defendant] Cal–Line would prejudice Plaintiffs because they would be required either to abandon a viable claim against Cal–Line or to initiate a duplicative litigation in state court").

### 6. Whether joinder is intended to defeat jurisdiction is not dispositive.

Defendant argues Plaintiffs seek to join MLC "to destroy diversity jurisdiction." Amend Opp'n at 1. "[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). Courts "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id*. "[I]n evaluating motive, courts have considered whether the plaintiff was 'aware of the removal' at the time the plaintiff amended its complaint." *San Jose Neurospine v. Cigna Health & Life Ins. Co.*, 2016 WL 7242139, at *10 (N.D. Cal. Dec. 15, 2016) (quoting *Clinco*, 41 F. Supp. 2d at 1083).

But "suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle

9

1  addition of diversity-destroying defendants." *Dordoni v. FCA US LLC*, 2020 WL 6082132, at \*4
2  (C.D. Cal. Oct. 15, 2020) (citing *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion,*
3  *S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000) ("The legislative history to § 1447(e) . .
4  . suggests that it was intended to undermine the doctrine employed by some courts that
5  amendments which destroyed diversity were to be viewed with suspicion.")).

> "[T]he question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid." *Sabag*, 2016 WL 6581154, at \*5–6 (finding that the plaintiff's motive in joining dealership defendant was "not solely to destroy diversity" because plaintiff's claim against the dealership was "facially legitimate"). Indeed, "an assessment as to the strength of the claims against the proposed new [d]efendants bears directly on whether joinder is sought solely to divest this [c]ourt of jurisdiction." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014). Courts have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant.

*Reyes*, 2020 WL 7224286, at \*6 (collecting cases).

The record shows Plaintiffs were aware of MLC and its role in their claims at the time they filed their original complaint. While this may cast suspicion on Plaintiffs' motive in joining MLC now, as discussed above, their claim against MLC is facially legitimate. As such, the Court finds this factor is at best neutral. *See Reyes*, 2020 WL 7224286, at \*7 (finding this factor neutral where defendant contended "the addition of Lampe as a defendant at this time when its identity and involvement were known to plaintiff much earlier casts suspicion on plaintiff's motive," because "although the timing of plaintiff's motion for leave to amend might raise a suspicion about his motive in doing so, the court does not agree with defendant that such a suspicion supports a finding of bad faith"); *Lara*, 2013 WL 1155523, at \*5 (declining "to impute an improper motive to Plaintiffs simply because Plaintiffs seek to add a non-diverse defendant post-removal," and explaining that "the Court does not construe Plaintiffs' preference for state court any more negatively than Defendants' preference for federal court").

## V.  CONCLUSION

Because almost all the § 1447(e) factors weigh in favor of permitting MLC's joinder, the Court concludes that Plaintiffs' joinder of MLC as a defendant is proper. Accordingly, for the

United States District Court
Northern District of California

reasons set for above, the Court **ORDERS** as follows:

    1. Plaintiffs' motion for leave to amend their complaint (ECF No. 12) is **GRANTED**;

    2. Plaintiffs' motion to remand this action (ECF No. 11) is **GRANTED**[4];

    3. This action is remanded to the Marin County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

    4. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: December 31, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

[4] As part of their motion to remand, Plaintiffs seek $3,900 in attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, as removal was proper, the Court **DENIES** Plaintiffs' request.

11